IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ELIZABETH LEFFORD                                                                       PLAINTIFF

V.                                                           CIVIL ACTION NO. 1:15-CV-60-SA-DAS

JP MORGAN CHASE & CO., ET AL.                                                      DEFENDANTS

## MEMORANDUM OPINION

Before the court is the Defendants' Motion to Dismiss [9] Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff originally filed this suit in the Circuit Court of Itawaba County, Mississippi on February 12, 2015. Defendants JP Morgan Chase & Co., JP Morgan Chase Bank, N.A. and Chase Bank USA, N.A. removed to this Court on April, 2, 2015, The remaining Defendants, Deutsche Bank Holdings, Inc. and Deutsche Bank National Trust Company, joined on April 2, 2015.

### Factual and Procedural Background

The Plaintiff, Elizabeth Lefford, and her husband Stevin Lefford refinanced their home mortgage on April 17, 1998 with United Companies Lending Corporation of Mississippi. In conjunction with their new mortgage, Elizabeth and Stevin Lefford purchased life insurance coverage. On November 18, 1998 United Companies Lending Corporation assigned the relevant Deed of Trust to Bankers Trust Company of California, N.A. Around that same time, according to the Complaint [2], the servicing of the Lefford's mortgage was taken over by EMC Mortgage, a subsidiary of Bear Stearns. Bear Stearns became JP Morgan Chase & Co. in 2010, after which, Chase Bank took over the servicing of Plaintiff's mortgage.

Stevin Lefford died on February 6, 2012. According to Elizabeth Lefford, she made inquiries with Chase Bank about the life insurance policy. Chase Bank denied that any such policy existed and continued to show the full balance of her loan due on her statements. After multiple inquiries, Plaintiff was unable to obtain further information from Chase Bank about the policy. Plaintiff filed the instant action alleging seventeen causes of action ranging from breach of contract to unconscionability and fraud. Plaintiff maintains that she has continued to make payments consistent with the terms of her mortgage at all times.

In a letter dated March 23, 2015, counsel for Chase Bank informed Elizabeth Lefford that her life insurance policy expired after only 36 months, long before Stevin Lefford's death in 2012. Counsel enclosed with that letter, a copy of a certificate of insurance signed by Elizabeth and Stevin Lefford, which was also attached to their Motion to Dismiss [9] filed on April 30, 2015. The Plaintiff attached the same certificate of insurance along with the letter from counsel for Chase Bank to her Response in Opposition [11].

**Discussion and Analysis**

The Defendants contend that the certificate of insurance they have provided is conclusive proof that Plaintiff has failed to state a plausible claim for relief. Plaintiff counters that she is entitled to at least some discovery in order to authenticate the certificate and to uncover other facts and documentation surrounding the issuance of the certificate and her other interactions with the Defendants. Indeed, some of Plaintiff's claims rely on the terms and validity of the insurance policy, while others merely rely on its existence. Before reaching the issue of whether the certificate of insurance attached to the Defendants' motion is fatal to the Plaintiff's case, this Court must first determine whether it can properly consider the certificate of insurance in ruling on the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

When deciding a motion to dismiss for failure to state a claim, if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." FED. R. CIV. P. 12(d). In this case, the Defendants brought the certificate of insurance before the court by attaching it to their motion to dismiss. The Fifth Circuit has recognized a narrow exception to the conversion requirement. Under this exception, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In the instant case, the certificate of insurance at issue appears to meet the threefold requirement for the exception articulated by the Fifth Circuit. The certificate was attached to the Defendants' motion, it was referred to in the Plaintiff's complaint, and it is certainly central to her claims, not merely evidence of an element of her claims. *See Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536-37 (5th Cir. 2003). However, the Fifth Circuit has provided further guidance when qualifying documents under this exception. Specifically, the Fifth Circuit has noted that a lack of objections by the plaintiff as to the documents consideration or authenticity favor qualification under the exception. *Scanlan*, 343 F.3d at 536-37; *Collins*, 224 F.3d at 498-99.

In the instant case, the Plaintiff has objected to the Court's consideration of the certificate, in the context of the motion to dismiss, and has raised concerns about its authenticity. It is also important to note that the Plaintiff contends that she did not receive notice or a copy of the certificate until after she filed her amended complaint. Because of this timing, there is no possible way that the certificate could have been a part of the pleadings by way of attachment to the amended complaint. In other words, the Plaintiff's pleadings cannot be deficient for failing to

include or plead around a document, which was allegedly unavailable to her at the time the pleading was filed, especially when the mere existence and unavailability of said document is central to at least some of the Plaintiff's claims. Because of the narrowness of the conversion exception and the relevant timeline, the certificate of insurance is not properly before this Court for consideration under the instant Motion to Dismiss [9].

The Defendants have not raised any challenges to the adequacy of the pleadings other than their argument related to the certificate of insurance. Under the liberal pleading standards of Rule 12(b) the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555, 127 S. Ct 1955. Generally, motions under Rule 12(b)(6) are "viewed with disfavor and are rarely granted," and cannot be used as a tool to circumvent or impede the discovery process. *Collins*, 224 F.3d at 498, (citing *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). In light of this standard, and the lack of other relevant challenges brought by the Defendants in their motion, the Plaintiff's complaint appears otherwise well plead.

## Conclusion

Converting the instant motion into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) is premature at this early stage of the case, before discovery

4

proceedings and the development of a record necessary for a more comprehensive consideration under the summary judgment standards as detailed by Rule 56. *See* FED. R. CIV. P. 56.

All relevant materials and pleadings considered, this Court finds that the Plaintiff's Complaint [2] states a plausible claim for relief and therefore, Defendants' Motion to Dismiss [9] for failure to state a claim upon which relief can be granted is DENIED without prejudice.

**SO ORDERED this the 8th day of September, 2015.**


                                              /s/ Sharion Aycock  
                                              **UNITED STATES DISTRICT JUDGE**