# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**ELIZABETH LEFFORD**                                                                      **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO. 1:15-CV-60-SA-DAS**

**JP MORGAN CHASE & CO., ET AL.**                                      **DEFENDANTS**

## MEMORANDUM OPINION

Before the Court is Defendants' Motion to dismiss an unserved defendant, James Weir with prejudice [16]. The Complaint [2] in this case was filed in the Circuit Court of Itawamba, Mississippi on February 9, 2015, and was removed to this Court on April 2, 2015. Defendants Chase Bank USA, N.A., JP Morgan Chase & Co., and JP Morgan Chase Bank, N.A. filed the instant Motion on July 22, 2015, asking the Court to dismiss Defendant James Weir from the case with prejudice pursuant to Federal Rule of Civil Procedure 4(m) because he has not been served in the time allowed. The Plaintiff did not respond to this motion.

The allegations in this case against James Weir in this case arise from the circumstances surrounding a loan Weir closed, in his capacity as an attorney, on April 17, 1998. Nearly five months have passed since the removal of this case to federal court. The Clerk of Court filed notices on the docket of incomplete service as to James Weir on April 27, 2015 [8], May 28, 2015 [14], and June 29, 2015 [15]. Absent a showing of good cause, the court must dismiss the action without prejudice against a defendant if he is not served within 120 days after the complaint is filed. FED. R. CIV. P. 4(m).

Notably, the Plaintiff in this case declined to file any opposition to the instant motion. The Local Rules preserve the court's authority to grant unopposed non-dispositive motions. Local Uniform Civil Rule 7(b)(3)(E) provides that "[i]f a party fails to respond to any motion,

other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." Plaintiff has filed no response in opposition to the Defendants' pending request, and the time for filing such response has expired. L. U. CIV. R. 7(b)(4).

The Defendants further urge in their motion that the case against Weir be dismissed with prejudice contrary to the language of Rule 4(m), which clearly states that dismissals for failure to serve should be without prejudice. FED. R. CIV. P. 4(m). In support of their argument, Defendants cite to a 2009 opinion issued by this Court. *Jeffreys v. West*, 2009 WL 212139, at *1-2 (N.D. Miss. Jan. 29, 2009). In *Jeffreys*, this Court dismissed a case with prejudice pursuant to a Rule 12(b)(6) motion because the Defendant had not been served in the time allowed, *and* the applicable statute of limitations had clearly run. Although the loan closing that implicates Weir in this case took place in 1998, it is unclear from the current pleadings whether any basis for tolling the statute of limitations applies. The Complaint [2] contains various allegations for fraud, which can be a basis for tolling the limitations period under the Mississippi Statute. MISS. CODE ANN. § 15-1-49; *Robinson v. Cobb*, 763 So. 2d 883, 887 (Miss. 2000) (noting that "[f]raudulent concealment of a cause of action tolls its statute of limitations"); *Myers v. Guardian Life Ins. Co. of Am., Inc.,* 5 F. Supp. 2d 423, 431 (N.D. Miss. 1998). (applying the fraudulent concealment to "any cause of action").

For this reason, and because the allotted time for service has passed, Defendants' unopposed Motion to Dismiss unserved defendant James Weir with prejudice [16] is hereby GRANTED in part and DENIED in part. To the extent Defendants requested the dismissal of James Weir, that request is GRANTED. To the extent Defendants requested such dismissal be with prejudice, that request is DENIED, and James Weir is DISMISSED without prejudice as a party defendant.

**SO ORDERED** this the 8th day of September, 2015.

              **/s/ Sharion Aycock**
              **UNITED STATES DISTRICT JUDGE**